[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-14439

Non-Argument Calendar

_____

ROBERTO ANTONIO CANALES-VASQUEZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-315-173

_____

Before ROSENBAUM, JILL PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Roberto Canales-Vasquez seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). He further contends the IJ's denial of his asylum and withholding of removal claims was based on a failure to consider the totality of the circumstances. We first address his CAT claim, then his arguments about asylum and withholding of removal.

## I.  DISCUSSION

### A.  CAT Claim

We review only the BIA's decision, except to the extent it expressly adopts the decision of the IJ. *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1285 (11th Cir. 2021). Factual determinations, including whether a noncitizen has established eligibility for CAT relief, are reviewed under the substantial evidence test. *Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1293–94 (11th Cir. 2020); *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013).

To be eligible for CAT relief, an alien has the burden of showing that he will, more likely than not, be tortured if removed to his country of removal. 8 C.F.R. § 208.16(c)(2). In this context, "torture" means

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

*Id.* § 208.18(a)(1). Government officials will be deemed to have acquiesced to torture only when they are aware of the activity constituting torture before such activity happens and then breach their legal responsibility to intervene to prevent it. *Sanchez-Castro*, 998 F.3d at 1288. The government does not acquiesce to torture where it attempts to combat the violence or other criminal activity, even if its attempts are unsuccessful. *Id.* (explaining even if the petitioner was correct in arguing the police were not effective in controlling gang violence, "it is dispositive that they are trying to do so").

Substantial evidence supports the determination Canales-Vasquez did not demonstrate he more likely than not would be tortured by or with the acquiescence of the Salvadoran government. Canales-Vasquez specifically acknowledged no one on behalf of the government had threatened to harm him in the past or

intended to harm him in the future.  Additionally, the Country Report and other documentary evidence Canales-Vasquez submitted shows the Salvadoran government has jailed more than 13,000 current or former gang members, out of a total gang population of approximately 70,000, and has attempted to combat gang activities despite public distrust, equipment shortages, and other obstacles. The limited success, or lack thereof, of these efforts does not influence a finding of governmental acquiescence, as the attempt alone is dispositive.  *See id.*  Accordingly, we deny Canales-Vasquez's petition as to CAT relief.

## B.  *Asylum and Withholding of Removal*

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  The exhaustion requirement is jurisdictional and precludes review of a claimant's argument if it was not presented to the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-50 (11th Cir. 2006).

To the extent Canales-Vasquez references asylum and withholding of removal in his initial brief to the Court, his failure to brief those issues before the BIA precludes this Court's review for two reasons.  First, the BIA did not make any holdings that Canales-Vasquez was ineligible for asylum and withholding of removal and instead only held those applications were not before it because he had conceded them, which Canales-Vasquez does not challenge on appeal.  Thus, his arguments about past and future persecution or a nexus to a protected ground are not before this Court as those

arguments are unrelated to any conclusions reached by the BIA in its decision. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (explaining because the BIA's decision is the final agency judgment, we do "not consider issues that were not reached by the BIA"). Additionally, in any event, Canales-Vasquez did not exhaust any argument he is eligible for asylum or withholding of removal because he did not raise this issue in his brief to the BIA and, in fact, expressly conceded his ineligibility before the BIA. He therefore failed to give the BIA a full opportunity to consider these claims and reverse any potential error by the IJ. *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) ("Though exhaustion does not require a petitioner to use precise legal terminology or provide a well-developed argument to support her claim, it does require that she provide information sufficient to enable the BIA to review and correct any errors below." (quotation marks and alteration omitted)). Accordingly, we dismiss his petition as to this issue.

## II. CONCLUSION

We deny Canales-Vasquez's petition as it relates to CAT relief, and dismiss his petition as it relates to asylum and withholding of removal.

**PETITION DENIED IN PART, DISMISSED IN PART.**